IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA SANCHEZ and THERESA SANCHEZ, | )<br>)<br>) |
| Plaintiffs, | )  No. 12 C 9214<br>) |
| v. | )  Magistrate Judge<br>)  Maria Valdez |
| BOYD GAMING CORP. and BLUE CHIP CASINO, LLC, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This negligence action, premised on diversity jurisdiction, is before the Court on Defendant Boyd Gaming Corp.'s ("Boyd") motion for summary judgment [Doc. No. 15]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Boyd's motion is granted.

## I.  FACTS[1]

Plaintiff Jessica Sanchez was injured by shattered glass on July 23, 2010 while she was staying at the Blue Chip Hotel & Casino ("BCHC") with her mother, Plaintiff Theresa Sanchez. (Def.'s LR 56.1(a)(3) ¶ 3; Pl.'s LR 56.1(b)(3)(C) ¶¶ 11, 13,

---

[1] Unless otherwise noted, the material facts are either undisputed or deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 583-84 (N.D. Ill. 2000).

20.) Jessica was born on November 24, 1993,[2] and was a minor under the guardianship of her mother. (Pl.'s LR 56.1(b)(3)(C) ¶¶ 10, 12.)

At all relevant times, Jessica was a resident of Cook County, Illinois. (Def.'s LR 56.1(a)(3) ¶ 1; Pl.'s LR 56.1(b)(3)(C) ¶ 1.) Defendant Boyd is a Nevada corporation, and BCHC is owned and operated by Blue Chip Casino LLC ("Blue Chip"), an Indiana limited liability company, and is located in LaPorte County, Indiana. (Def.'s LR 56.1(a)(3) ¶¶ 2, 5-6.) Blue Chip is a wholly-owned subsidiary of Boyd, but Boyd does not own or operate BCHC, nor does it operate under the fictitious name BCHC. (*Id.* ¶¶ 4, 7, 9.) Moreover, Boyd does not specifically direct the manner of maintenance or repair of its subsidiary properties, including BCHC. (*Id.* ¶ 8.)

Before the accident, Theresa Sanchez was a member of the BConnected rewards program, which is operated by Boyd. (Pl.'s LR 56.1(b)(3)(C) ¶¶ 14, 18.) Theresa had earned rewards through the BConnected program at various Boyd-affiliated casinos, including casinos other than BCHC. (*Id.* ¶ 15.) As a result, she received correspondence from Boyd offering various rewards at BCHC. (*Id.* ¶¶ 16-17.) She redeemed certain of those rewards, including discounts on food and entertainment at the casino as well as a free hotel room. (*Id.* ¶¶ 19, 21.) The accident at issue occurred in that hotel room. (*Id.* ¶ 20.) Jessica and Theresa would

---

[2] Plaintiff's statement of fact indicates that her birth date is November 13, 1993, but both the affidavit in support of the statement of facts and complaint show the date as November 24, 1993.

not have stayed at the BCHC if not for the discounts Theresa had earned as part of the BConnected rewards program. (*Id.* ¶ 22.)

During their visit, Theresa saw the Boyd name and logo at various locations inside of BCHC. (*Id.* ¶ 23.) On the date of the accident, Theresa was led to believe that BCHC was owned and/or operated by Boyd due to the BConnected reward program's relationship with BCHC and the presence of Boyd's name and logo inside of BCHC. (*Id.* ¶ 24.)

## II. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001). However, the Court is "'not required to draw every conceivable inference from the record,'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

Once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events. *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 484 (7th Cir.

3

1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted).

## III. DISCUSSION

Boyd's motion argues that summary judgment should be granted because it is merely a parent entity and is not liable for the negligence at issue. Plaintiffs respond that Boyd is liable under the theory of apparent agency.

Under Illinois law,[3] "[a]gency is a fiduciary relationship in which the agent has the power to act on the principal's behalf." *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004). The authority of an agent may be actual or apparent, but "only the alleged principal's words and conduct, not those of the alleged agent, establish the agent's authority." *Id.* (internal quotations and alterations omitted). As the party seeking to impose liability on Boyd, Plaintiffs

---

[3] Both parties assume, without discussion, that Illinois law applies to this negligence action premised on diversity jurisdiction, and the Court will assume the same. *See Gould v. Artisoft, Inc.*, 1 F.3d 544, 549 n.7 (7th Cir. 1993) ("Where the parties have not identified a conflict between . . . bodies of state law that might apply to their dispute, we will apply the law of the forum state . . . .").

4

have "[t]he burden of proving the existence and scope of an agency relationship." *Lawlor v. N. Am. Corp. of Ill.*, 983 N.E.2d 414, 427 (Ill. 2012), *reh'g denied* (Jan. 28, 2013); *see also Gambino v. Boulevard Mortgage Corp.*, 922 N.E.2d 380, 413 (Ill. App. Ct. 2009) (holding that the proof of an agency relationship must be by a preponderance of the evidence). "While the existence of any agency relationship is usually a question of fact, it becomes a question of law when the facts regarding the relationship are undisputed or no liability exists as a matter of law." *Oliveira-Brooks v. Re/Max International, Inc.*, 865 N.E.2d 252, 258 (Ill. App. Ct. 2007).

Plaintiffs do not allege that Blue Chip had actual authority, but rather apparent authority, which "is cognizable when a principal, through words or conduct, creates the reasonable impression in a third party that his agent is authorized to perform a certain act on his behalf." *Gambino*, 922 N.E.2d at 413; *see Sphere Drake*, 376 F.3d at 673; *Petrovich v. Share Health Plan of Ill., Inc.*, 719 N.E.2d 756, 765 (Ill. 1999); *see also Suarez v. JP Morgan Chase Bank, N.A.*, No. 10 C 3382, 2011 WL 2149427, at *4 (N.D. Ill. June 1, 2011) ("Under Illinois law, a principal may be bound by the acts of his agent when it *appears* that the principal has authorized the agent to perform, even though the principal has not given the agent *actual* authority to perform."). Apparent authority "'is the authority which a reasonably prudent person, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.'" *Sphere Drake*,

376 F.3d at 673 (quoting *Gilbert v. Sycamore Mun. Hosp.*, 622 N.E.2d 788, 795 (Ill. 1993)).

A party seeking to prove apparent authority must show: "(1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) the third party, based upon his knowledge of the facts, possessed a good-faith belief that the agent possessed such authority; and (3) the third party relied to his detriment on the agent's apparent authority." *Gambino*, 922 N.E.2d at 413.

Boyd argues that: (1) the existence of a rewards program or use of a logo does not establish any type of agency relationship; (2) if any agency relationship was created, it does not extend to the maintenance of facilities; and (3) Plaintiffs have not shown detrimental reliance.

First, the Court finds that based upon the present record, there is a genuine issue of fact as to whether Boyd consented to Blue Chip's exercise of authority. Boyd has offered no facts suggesting that it did not acquiesce in the placement of its name and logo on signage throughout the hotel premises.[4] *Cf. Braucher v. Swagat Group, LLC*, 702 F. Supp. 2d 1032, 1045 (C.D. Ill. 2010) (finding no apparent agency where hotel franchisee displayed a plaque in the lobby declaring it was independently owned and operated; and both the franchisor's website and directory stated that all hotels are independently owned and operated). Defendant cites to

---

[4] Neither party's statement of facts or response distinguished the casino from the hotel in this context. Thus, for the purposes of this motion, the Court must assume that the Boyd signage was present throughout the hotel, not merely the casino.

*Oliveira-Brooks v. Re/Max International, Inc.*, 865 N.E.2d 252 (Ill. App. Ct. 2007) for the proposition that the display of a logo is not sufficient to create an agency relationship, but that holding is not found in the case. To the extent that the court discussed the tortfeasor/alleged agent's use of defendant's logo on marketing and advertising materials, it was only to note that the argument was not raised until the reply brief and that "even if such evidence was sufficient on the element of 'holding out,' this alone would be insufficient to establish apparent agency" in the absence of reliance, which was not proven. *See id.* at 260-61; *see also O'Banner v. McDonald's Corp.*, 670 N.E.2d 632, 634-35 (Ill. 1996) (conceding for the sake of argument that "advertising and other conduct could entice a person to enter a McDonald's restaurant in the belief [he] was dealing with an agent of the corporation itself").[5] A reasonable jury could find that Boyd's consent to the use of its name throughout the hotel premises gave the appearance that Blue Chip was acting as its agent.

Second, Boyd did not dispute Plaintiffs' statement of fact establishing that Theresa believed that BCHC was owned and/or operated by Boyd. As for the third element, however, the Court finds that Plaintiffs' apparent agency theory fails for

---

[5] Another case Defendant relies on, *Daniels v. Corrigan*, 886 N.E.2d 1193 (Ill. App. Ct. 2008), is also unpersuasive. First, it involves the unique factors governing the relationship between taxicab drivers and their taxi affiliations. Second, its explanation that a trademark licensor's control over its mark does not make the licensee its agent has no obvious relevance to this case, as Boyd has offered no facts suggesting that BCHC's use of the Boyd name and logo throughout the hotel was merely pursuant to a licensing agreement.

7

the same reasons discussed in *Oliviera-Brooks*, *i.e.*, that no material facts show that Plaintiff relied on Blue Chip's apparent authority. To the contrary, the only evidence of reliance Plaintiffs offer is the statement that they would not have been guests at BCHC "if not for the [BConnected] discounts that Theresa Sanchez had earned as part of the BConnected rewards program." (Pl.'s LR 56.1(b)(3)(C) ¶ 22.) Thus, in deciding to stay at the hotel, Plaintiffs did not rely on the apparent agency relationship between Boyd and Blue Chip, or an understanding that the facilities were maintained under Boyd's control, but rather on the fact that the room would be paid for by Boyd. *See O'Banner*, 670 N.E.2d at 635 ("In order to recover on an apparent agency theory, [the plaintiff] would have to show that he actually did rely on the apparent agency in going to the restaurant where he was allegedly injured."). Plaintiffs have therefore failed to meet their burden of showing apparent agency exists, and therefore summary judgment is warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendant Boyd Gaming Corp.'s motion for summary judgment [Doc. No. 15] is granted.

**SO ORDERED.**               **ENTERED:**

                              /s/ Maria Valdez

**DATE:** __July 26, 2013__   _____
                              **HON. MARIA VALDEZ**
                              **United States Magistrate Judge**